CHARLES SCOTT, BAILIFF OF WILLIAM S. MOORE, PLAINTIFF IN ERROR v. JOHN LLOYD, DEFENDANT IN ERROR.

Where the grantor of annuity by deed, has conveyed all his interest in the property charged with the annuity, and an allegation of usury in the granting of the annuity is afterwards made, he may be a witness to prove usury ; if he is not a party to the suit, and has conveyed all his right and title to the property to others, his creditors, thus divesting himself of all interest arising out of the original agreement : and is released from his debts by them, and is not liable to the costs of the suit.

The decision in 1 Peters' Circuit Court Reports, 301, (Willings v. Consequa,) where the court held, that a party named on the record might be released, so as to constitute him a competent witness, was cited in the argument. The court said, such a rule would hold out to parties a strong temptation to perjury ; and we think it is not sustained either by principle or authority.

IN error to the circuit court of the United States, for the county of Washington, in the District of Columbia.

This case was before the Court at the January term, 1830, 4 Peters, 205; and again at January term, 1835, 9 Peters, 418. It now came up on a writ of error, prosecuted by the plaintiff in the circuit court. The questions involved in the case when it was before the Court in 1830 and 1835, and also in this case, are stated in the opinion of the Court. The competency of Jonathan Scolfield, who was examined as a witness for the defendant, was the only question in this writ of error.

The cause was argued by Mr. Jones, and Cox for the plaintiff in error; and by Mr. Key and Mr. Swann for the defendant.

For the plaintiff in error, the following cases were cited. Starkie's Evidence, 93, 94, 292; Phillips' Ev. chap. 5, sect. 4, p. 74; 7 East, 578; 1 Maule & Selwyn, 636; 10 East, 395; 5 Barnwell & Creswell, 188.

For the defendant, were cited, Willings v. Consequa, 1 Peters' C. C. R. 301; 1 Randolph's Rep. 235: 6 Vesey Jr. 547; 1 Term Rep. 162; 7 Cranch, 271; 1 Wheat. 160; 1 Wheat. 60; 2 Starkie's Ev. 136; 1 Mumford's Rep. 398; 3 Call's Rep. 372; 6 Wendell's Rep. 415.

[Scott v. Lloyd.]

Mr. Justice M'LEAN delivered the opinion of the Court.

This is the third time that this case has been brought before the Court, by writ of error to the circuit court of the District of Columbia.

The first decision is reported in 4 Peters, 205; and the second in 9 Peters, 418.

The controversy arose out of a certain deed executed by Jonathan Scholfield and wife to William S. Moore, all of the town of Alexandria, in the District of Columbia. For the consideration of five thousand dollars, Scholfield and wife conveyed to Moore, his heirs and assigns, forever, one certain annuity or rent of five hundred dollars, to be issuing out of, and charged upon a lot of ground and four brick tenements, &c. The annuity to be paid in half yearly payments; and in default of such payment, from time to time, Moore, his heirs and assigns, had a right to enter, and levy by distress, &c. And should there not be sufficient property found on the premises, &c., the grantee had a right to expel the grantor, and occupy the premises. Scholfield, his heirs and assigns, were bound to keep the premises insured, and to assign to Moore the policies: and Moore, for himself, his heirs and assigns, did covenant with Scholfield, that after the expiration of five years, on the payment of the sum of five thousand dollars, and all arrears of rent, the rent charge should be released.

Scholfield and wife conveyed the above premises, the 29th October, 1816, to John Lloyd. The annuity being unpaid in 1825, Scott, as the bailiff of Moore, entered, and made distress, &c. and Lloyd replevied the property.

The principal question in this case, when it was before the Court in 1830, arose on certain special pleas, which averred the contract to be usurious. And this Court decided that, although the instrument was not usurious upon its face; yet that the second and fourth pleas contained averments, connected with the contract, which constituted usury; and the judgment of the circuit court was reversed, and the cause remanded for further proceedings.

The case was again brought up in 1835, on certain exceptions to the ruling of the circuit court; and among others, to the competency of Jonathan Scholfield, who was sworn, and examined as a witness.

To show his interest, the following instruments of writing were read.

1. The original contract between him and Moore, as above stated.

2. A letter from Scholfield to Lloyd, dated 9th June, 1824, which stated that the contract which created the rent charge was usurious, and that measures would be taken to set it aside. And Moore was notified not to pay any part of the rent; and assured, if distress should be made, he should be saved harmless.

3. A deed, dated 18th November, 1825, from Scholfield, making a conditional assignment of one-fifth of the annuity to Thomas K. Beale, in which he recites and acknowledges his responsibility to Lloyd.

4. An exemplification of a record showing the discharge of Scholfield under the insolvent laws of Virginia.

To show the competency of Scholfield, the following documents were given in evidence:

1. A release from Scholfield to the plaintiff, in replevin, dated 13th June, 1831, whereby, for the consideration of five thousand dollars, he releases to Lloyd all the right, title and interest which he has or may have from the decision of the suit depending for the annuity or rent charge; or which he has, or may have, in the property out of which it issues. He also releases Lloyd from all covenants or obligations, express or implied, arising out of the deed of assignment.

2. A release, dated 25th April, 1828, from Scholfield to Lloyd of all his right, &c., to the suit, &c., and to all sums of money which may accrue, and from all actions, &c.

3. A release, of the same date, from Thomas K. Beale and James M. M'Crea, to Scholfield, for nine hundred and fifty dollars, part of a debt of two thousand dollars, due from him to them..

4. A release, of the same date, from Joseph Smith, for one thousand one hundred and fifty dollars, part of a debt of three thousand dollars, due to him from Scholfield.

5. An obligation of Lloyd, dated 25th April, 1828, binding himself to pay to the persons named, the several sums released, as above, to Scholfield; should he succeed in the above suit.

6. A release from Lloyd to Scholfield of five thousand dollars, debt, &c.

In giving the opinion of the Court on the competency of Scholfield as a witness, the late Chief Justice says: "Some diversity of opinion prevailed on the question, whether he could be received to invalidate a paper executed by himself; but without deciding this question, a

[Scott v. Lloyd.]

majority of the Court is of opinion, that he is interested in the event of the suit."

His letter of the 9th of June, to Lloyd, the tenant in possession, requiring him to withhold from Moore the payment of any further sum of money, on account of this rent charge, contains this declaration: "and in case distress should be made upon you for the rent, I promise to save you harmless, if you will resist payment by writ of replevy. I wish you to understand, that if you make any further payments after receiving this notice, that you make them at your own risk." This, says the Chief Justice, is an explicit and absolute undertaking, to assume all the liabilities which Lloyd might incur by suing out a writ of replevin. Mr. Scholfield, then, is responsible to Lloyd for the costs of this suit.

And the Court held, that the various releases above stated, did not release Scholfield from his obligation to pay the costs, which had accrued in the suit, should the final decision be against Lloyd; and that he was therefore an interested and incompetent witness. On this ground the judgment of the circuit court was reversed, and the cause remanded, &c.

During the late trial of the issues in the circuit court, the deposition of Jonathan Scholfield was offered in evidence by the plaintiff below, and objected to by the defendant, but the court overruled the objection; and to this opinion of the court the defendant excepted. The competency of this witness is the only question raised on the present writ of error.

To show the relation of this witness to the cause, and his interest in it, the instruments of writing used in the former trial, and which are above referred to, were given in evidence; and in addition, a release, dated 24th March, 1835, from Lloyd to Scholfield, of all liability arising under his letter of June 9th, 1824, for the payment of costs; and from all responsibility growing out of this suit, in any form or manner whatsoever.

A part of the documents referred to as used in the former trial, are not found in the record of the late trial; the clerk of the circuit court, as is alleged, having omitted to certify them. But as those documents were used in the former trial, and are found in the report of the case, in 9 Peters, and as they do not change the result to which the Court have come on the present writ of error; there can be no objection to considering them as now before us.

The question is not, whether Scholfield has not been so connected

[Scott v. Lloyd.]

with the commencement and prosecution of this suit, as to impair his credit with the jury, but, whether he has an interest in the decision of the case?·

It is not contended, that the rule which does not permit a party to a negotiable instrument to invalidate it by his own testimony, applies to Scholfield. The rule is laid down in the case of the Bank of the United States v. Dunn, 6 Peters, 57;. and also in the case of Walton et al. Assignees of Sutton v. Shelly, 1 Term Rep. 296, as applied to negotiable paper.

From the various releases executed by Lloyd and Scholfield, and the other documents in the case, it is not perceived that the witness can have any interest in the decision of this suit. He has relinquished all possible benefit in the judgment, should it be entered in favour of the plaintiff below. And he is exonerated from all responsibility should a judgment be given for the defendant.

It is clear from the opinion of the Court, as above cited, that Scholfield's liability for costs, was the only ground on which he was held to be incompetent; and this is entirely removed by the release of Lloyd subsequently executed.

On the part of the plaintiff in error, it is contended that Scholfield stood in the strict relations of privity of estate and contract to both the parties to the suit; and that there was also privity in the action. This may be admitted when the suit was first commenced; but the question arises, whether this relation to the contract, the estate and the action, has not been dissolved. There can be no doubt of this, unless the rights of other parties, as the creditors of Scholfield had become so interwoven in the transaction as not to be affected by the acts of the witness and Lloyd. And this is the ground assumed in the argument. But on a careful examination of the points presented, and the authorities cited, the Court do not perceive that there is sufficient ground to pronounce any of the releases executed fraudulent.

The decision in 1 Peters' C. C. R. 301, where the court held, that a party named on the record might be. released, so as to constitute him a competent witness, has been cited and relied on in the argument.

Such a rule would hold out to parties a strong temptation to perjury; and we think it is not sustained either by principle or authority.

Scholfield in this case was not a party on the record, and having divested himself of all interest arising out of the original agreement

[Scott v. Lloyd.]

and the prosecution of this suit, and not being liable to pay costs; we think the circuit court did not err, in admitting his deposition as evidence. The judgment of the circuit court is, therefore, affirmed, with costs.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the District of Columbia, holden in and for the county of Washington, and was argued by counsel. On consideration whereof, it is now here adjudged and ordered, by this Court, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed, with costs.