DAVID WOLF, Plaintiff in error, Defendant below, *v.* PETER FINK and ABNER FINK, Defendants in error, Plaintiffs below.

1. Where a second note is given in satisfaction of a first, all the parties to the first note are discharged, and the remedy is on the second; but if time is only given, and one of the sureties in the first note (which in this case was joint) assented, and the other dissented, in a suit upon the first note, an award in favour of the dissenting surety, unappealed from, does not operate to the release and discharge of the other surety and the maker.

2. One of the makers of a note, in whose favour an award unappealed from was made, who, at the time his deposition was taken, was a certificated bankrupt, and who had not a particle of interest in the event of the suit, but who, at the impetration of the writ and the award, was a party to the suit, is not a competent witness.

ERROR to the Court of Common Pleas of Washington county.

This was an action of assumpsit in the court below, brought by the defendants in error to November term, 1842, against James W. Stewart, Peter Kennedy, and David Wolf, on a promissory note, of which the following is a copy:

Washington, September 2d, 1837.—Six months after date, we promise to Peter and Abner Fink three hundred dollars without defalcation or stay of execution, for value received.

JAMES W. STEWART,
PETER KENNEDY,
DAVID WOLF.

Stewart was the drawer of the note, Wolf and Kennedy the sureties.

On the 8th day of February, 1843, the plaintiffs entered a rule to refer this cause to arbitrators, under the compulsory arbitration law, and arbitrators having been duly chosen, the cause was tried on the 15th day of May, 1843, and award was made and filed in favour of Finks, the plaintiffs below, against James W. Stewart and David Wolf, and *in favour* of *Peter Kennedy*, one of *the defendants.* From this award D. Wolf, the plaintiff in error, appealed for himself; no appeal was entered by Stewart or Kennedy, nor by the plaintiff in error, from the award in favour of Kennedy. The issue between Wolf, the plaintiff in error, and Finks, the defendants in error, came to trial on the 29th of February, 1844; and on the 1st day of March, 1844, the jury not being able to agree, was discharged by the court.

The cause was again brought to trial on the 21st day of November, A. D. 1844, when a verdict and judgment was rendered for Finks, the plaintiffs below, against D. Wolf, for $352 60 cents, the amount of the debt and interest of the joint note.

On the last trial, the plaintiffs below, having read in evidence the joint note, rested, and the defendant, D. Wolf, then offered the following testimony :

*Deposition of Charles Ensell,* in answer to interrogatories of defendant.—" I know that James W. Stewart gave a note, which I endorsed, to Abner Fink, one of the plaintiffs, which was to satisfy a note then held by Peter and Abner Fink, and upon which he had brought suit in the County Court of Ohio County, Virginia, on the 26th day of May, 1840, against the said Stewart, Peter Kennedy and D. Wolf. Stewart had been arrested before the giving of the note endorsed by me, and I had become the special bail. The note that I endorsed bears date May 29th, 1841, and is for the sum of $342 50, payable six months after date to my order, and by me endorsed in blank. The note was given in satisfaction of the previous note on which the suit had been brought, as before mentioned, including the interest and costs of suit. The note endorsed by me has never been paid as I know of. I know that suit was brought on it, in the Circuit Superior Court of Ohio County, Virginia, and at the May term of said court, 1841, judgment was rendered against myself and Stewart for the amount of said note and costs. I was acquainted with the circumstances of James W. Stewart, the defendant, in May, 1840, and I believe, that if the suit, which was instituted at that time against him in the County Court of Virginia, had been prosecuted to judgment and execution, the money could have been made from him."

*Cross-interrogatories.*—" State whether Mr. Wolf, one of the defendants, was not present at the time the above note was given by

Stewart and endorsed by you? I think Mr. Wolf, the defendant, was present. My understanding was, that the note endorsed by me was given in lieu of the note then held by Peter and Abner Fink, against Stewart, Kennedy, and Wolf, and I supposed that the latter note had been given up to Stewart when the new note was given. Do you know, if so, state, whether Abner Fink did not object at the time of taking the note of Stewart and Ensell, if it would at all weaken or impair his claims on Wolf and Kennedy, and whether the said Wolf did not, at the time, agree and stipulate, that the note of Stewart and Ensell should not affect his right, in case it was not collected? I know of no such stipulation or agreement as referred to in this interrogatory."

The defendant then offered the deposition of James W. Stewart, taken *since the award* of the arbitrators against him, which being objected to,

The defendant then showed the final certificate of James W. Stewart, as a bankrupt. Petition, dated 5th September, 1842, discharged 10th January, 1843, and then released Stewart from all accountability to him, in case he should be compelled to pay the money. Release, dated on the day of trial. The court overruled the testimony, to which the defendant excepted, and prayed the court to sign and seal a bill of exceptions, which was done accordingly.

The defendant then read in evidence the record of the Superior Court of Ohio county, Virginia, in Fink *v.* Stewart and Ensell, showing judgment on the Stewart and Ensell-note.

Peter Kennedy, one of the defendants, was examined as a witness on the trial.

After the introduction of other testimony on both sides, the defendant's counsel prayed the court to instruct the jury as follows, to wit:

1st. That Peter Kennedy, one of the sureties, having been discharged in law from all liability on the note, by means of the award of arbitrators in his favour unappealed from, that discharge operates to the release and discharge of the defendant in this issue, D. Wolf.

2d. That the obligation upon which suit is brought being a *joint* one, and the plaintiff having brought his suit against all the promisors, and the arbitrators having awarded in favour of Kennedy, and against Wolf and Stewart, it was the duty of the plaintiffs to appeal from the award of arbitrators in favour of Kennedy, so that the ultimate liability of Kennedy to contribute his proportion of the amount recovered should be unaffected by a subsisting judgment in his favour.

3d. That a new note having been given by Stewart, with Charles

Ensell as endorser, and accepted by plaintiff, by which time was given, the defendant, Wolf, is therefore discharged.

To these points the court below (Ewing, President) answered as follows:

1st and 2d. " The court decline thus instructing the jury. Kennedy having been discharged because time was given to Stewart without his consent, Wolf was held by the arbitrators to be bound, because he, agreed to the same arrangement.

3d. " This is true, unless it was done with the consent of the defendant. If the note, negotiable in the Bank of Wheeling, was taken in satisfaction of the first note, the defendant is discharged. This is a question of fact to be decided by the jury, whether it was taken in satisfaction or as a mere collateral security."

Verdict for the plaintiff.

In this court the following errors were assigned: .

1. The court erred in rejecting the deposition of James W. Stewart.

2. The court erred in their answer to the first and second points proposed by Wolf's counsel.

3. The court erred in their answer to the third point submitted by Wolf's counsel.

*Watson*, for plaintiff in error.

On the admissibility of Stewart's deposition, 3 Stark. Ev. 1062; 2 Esp. Cases, 552; 16 East, 169; Discharge of Surety, Law Lib. vol. i. 159, 160.

*Gow*, for defendants in error.

This suit was brought against Stewart, Wolf, and Kennedy, and tried before arbitrators, who awarded in favour of plaintiffs below, against Stewart and Wolf, and were of opinion that Kennedy had been released by an after-arrangement between the plaintiffs and Stewart and Wolf. Wolf appealed, and on the trial of the case offered Stewart as a witness in his behalf. Stewart was a certificated bankrupt, discharged January 10th, 1843. Award against him on the 15th of May, 1843, at which time he did not plead his discharge. Stewart was interested, inasmuch as the release given to him was given on the trial at bar, after his deposition was taken; was a party to the record, and therefore not competent, being responsible for costs. Stein *v.* Bowman, 13 Peters, 219.

Policy of the law to prevent a party to the record from becoming a witness. Given *v.* Albert, 5 Watts & Serg. 333; Schemerhorn *v.*

Schemerhorn, 1 Wend. 119; Sup. of Chenango *v.* Birdsall, 4 Wend. 457; Com. *v.* Barton, 10 Pickering, 57.

As to the release of Kennedy, 1 Wilson, 89; Harkness *v.* Thompson, 5 Johns. 161; Andreas *v.* Waring, 20 Johns. 153; Gram's Appeal, 4 Watts, 44.

An appeal from the award as to Kennedy would only have placed him again in court, to be immediately released by a nolle prosequi on trial.

As to the third point, was cited Weakly *v.* Bell & Sterling, 9 Watts, 273; Jones *v.* Johnson, 3 Watts & Serg. 276.

The opinion of the court was delivered by ROGERS, J.

This was an action of assumpsit to recover the amount of a promissory note given by James W. Stewart, the drawer, and Peter Kennedy and David Wolf, sureties, to Peter and Abner Fink. The cause was referred to arbitrators, who awarded- in favour of plaintiffs, against James W. Stewart, the drawer, and David Wolf, one of the sureties, and in favour of Peter Kennedy, the other surety. From this award, Wolf, the surety, and one of the defendants, appealed. No appeal was entered by plaintiff nor by the other defendants. The cause therefore was tried in the name of Peter and Abner Fink, the plaintiffs, against David Wolf, the defendant. The defence before the arbitrators was, that the plaintiffs accepted the note of the drawer, Stewart, and a certain Charles Ensell, in satisfaction of the debt on which suit was brought. And secondly, if not in satisfaction, yet that time was given, without the assent of the sureties, whereby they were discharged. On the trial, the plaintiffs gave in evidence the joint note, and rested. Whereupon the defendants, after giving in evidence the deposition of Charles Ensell, offered the deposition of James W. Stewart, the drawer of the note, taken since the award of arbitrators against him, with proof that he was a certificated bankrupt. The evidence was rejected by the court, and this is the first error. The defendant requested the court to charge the jury:

1. That Peter Kennedy, one of the sureties, having been discharged in law from all liability on the note, by means of the award of arbitrators in his favour, unappealed from, that discharge operates to the release and discharge of the defendants in this issue.

2. That the obligation on which suit is brought being a joint one, and the plaintiff having brought his suit against all the promisors, and the arbitrators having awarded in favour of Kennedy, and against Wolf and Stewart, it was the duty of the plaintiff to appeal from the award of arbitrators in favour of Kennedy, so that the ultimate liabi-

lity of Kennedy to contribute his proportion of the amount recovered should be unaffected by a subsisting judgment in his favour.

3. That a new note having been given by Stewart, with Charles Ensell as endorser, and accepted by the plaintiff, by which time was given, the defendant Wolf is thereby discharged.    The answer of the court to these propositions is assigned for error.

It cannot be doubted, and so the court instructed the jury, that if the last note was given in satisfaction of the first, all the defendants were discharged, and the remedy was on the last note.    But if merely time was given, and the one surety assented to the arrangement, and the other did not; and this was the opinion of the arbitrators, as distinctly appears from the award itself, their discrimination was just.    It was their duty, as they did, to find an award against the drawer and the surety who agreed to the arrangement, and in favour of the surety who had made no agreement on the subject.    Why, therefore, should the plaintiff appeal from an award which he knew to be just, and harass the other surety with a suit, which he was convinced could not be maintained?    The note was joint, of course the suit must be joint; and I see no other course which the plaintiff could pursue.    There is no error in the answer of the court to this point.

But was the court right in ruling out the evidence of the drawer in whose favour an award unappealed from was made, and who at the time the deposition was taken was a certificated bankrupt.    It must be admitted that the witness had not a particle of interest in the event of the suit.    Bias he may probably have had; but the exclusion of a witness cannot be rested on that ground.    The only tenable objection is, that at the time of the impetration of the writ and the award, he was a party to the suit.    Is this a valid objection to his competency?    We are of opinion it is.    In Wood v. Connell, 2 Wheat. 542, it was held, that where in a suit against three partners, one of them is returned non est inventus, he is not a competent witness for the other defendants.    It is true the witness was excluded because of interest; and in this essential particular the case differs from the present.    The point is new in this state, but in other states it has been repeatedly decided. A party to the record cannot be sworn as a witness if objected to. This was ruled in the case of the Supervisors of Chenango v. Birdsall, 4 Wend. 457, where one of the defendants was offered as a witness by the plaintiff, and objected to by another defendant.    In Schemerhorn v. Schemerhorn, 1 Wend. 119, it is decided that the party in a cause is allowed to prove the loss of a written instrument, but beyond this the rule is to exclude a party as a witness.    In Marsh and Barton, 10 Pick. 57, where two are jointly indicted for uttering a forged note,

and the trial of one of them was postponed; it was held that he could not be called as a witness for the other. And to the same effect is Stein v. Bowman, 13 Peters, 209, where it is declared that no rule is better established than that a party cannot be a witness in his own cause. In Scott v. Lloyd, 12 Peters, 149, the court overruled the decision in 1 Pet. C. C. R. 301, where it was held that a party named in the record might be released so as to constitute him a competent witness. In Wood v. Hayden, 2 Esp. 553, however, it was ruled that where one defendant has let judgment go by default, and the other has pleaded, the defendant who has suffered judgment by default is a good witness for the other defendant, who has pleaded. This decision is in opposition to the cases cited, and their own rule, which is that a party to the record cannot be examined as a witness. This case seems to have been decided on the principle that the witness ceased to have an interest. But the reason for excluding a witness is not on the ground of interest; it arises from considerations of policy, as appears from all the cases. He does not cease to be a party to the record when he suffers judgment by default. This may be, and sometimes will be suffered, (as in case of insolvency,) for the express purpose of being a witness for his co-defendants. Neither should he be allowed to qualify himself by avoiding service of the writ. Great mischief has arisen by allowing plaintiffs to become witnesses, and the mischief became so intolerable that we were obliged from necessity to retrace our steps. It gave plaintiffs an unfair advantage over defendants, and we must avoid running into the opposite extreme by giving encouragement to management on the part of defendants to the injury of plaintiffs. It is better that a just cause should be occasionally lost, than that a *temptation* should be offered to perjury. So is the wisest part of the wisest of all prayers, " Suffer us not to be led into temptation."

Such a rule, as is said in Scott v. Lloyd, 12 Peters, 149, would hold out to parties a strong temptation to perjury, and we think it is not sustained either by principle or authority.

Judgment affirmed.