Pet: & Sum.   **Campbell & Co. vs R. B. Todd & Co.**

Case 87.                ERROR TO THE FAYETTE CIRCUIT.

              *Evidence of parties to the record.   Witness.*

June 29.      CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THIS was an action by petition and summons against R. B. Todd and J. A. Hampton, upon a note executed by Todd in the name of R. B. Todd & Co. for the price of goods purchased by him from the plaintiffs. Hampton pleaded *non est factum*, and denies that he was a partner. Todd made no defence, but there was no judgment by default against him. On the trial of the issue on Hampton's plea, the plaintiff entered a conditional dismission of the suit as to Todd, to be absolute if the issue should be found for Hampton, but to be void if found against him. Todd also executed a release to Hampton of all claim to contribution on account of losses and deficiencies in the business of R. B. Todd & Co., containing also, an acknowledgment of his own liability for all payments made or to be made by Hampton, on account of such losses or deficiencies. In this state of case, the plaintiffs offered Todd, with his consent, but against the consent of Hampton, as a witness to prove the partnership, and the issue having been found against Hampton and judgment rendered against both defendants, the sole question is, whether the Court erred in allowing Todd to depose as a witness.

If it be conceded that all objection on the ground of interest, was removed by the release and the conditional dismission as to Todd, the objection still remained, that the suit, as to him, was still pending, not being determined either by judgment or *nolle prosequi*, and that he was, therefore, in the fullest sense, a party to the record. The general rule is well settled, that in a trial at law, a party to the record cannot be examined as a witness, and this rule is enforced with peculiar rigor against the plaintiff who would make a witness of a defendant. In the

*The general rule is, that a party to the record is not a competent witness in a trial at law—there are exceptions. See the case.*

case of *Scott* vs *Lloyd*, (12 *Peters*, 149,) the Supreme Court of the United States, most emphatically deny the doctrine that a party named upon the record may be released so as to make him a competent witness, on the ground that such a proceeding would hold out to parties a strong temptation to perjury, and they say it is not sustained either by principle or authority. The grounds of policy referred to in the case cited, and on which the rule is based, cannot be obviated by the consent of the witness himself, if there be other parties on his side whose interest is to be affected by his testimony. The rule of exclusion may, indeed, be waived by the party for whose benefit it would operate. But the right to waive or insist upon it belongs to the parties collectively, or at least to those who are interested in the protection which it affords, and cannot be exercised for all by one individual of the collective party, who may have no interest in the application of the rule : (*Greenleaf on Evidence*, 399.)

The general rule as stated above, is laid down by all the elementary writers and declared in adjudged cases too numerous for citation. There are cases in which the plaintiff may, by entering a *nolle prosequi* against one defendant, make him a competent witness against others, or when one defendant being acquitted, may become a competent witness for the others. In such cases, however, the witness is completely disengaged from the suit, and is no longer a party to the record. Whether a judgment by default would place him in a like condition, need not be determined. We perceive no sufficient ground for making this case an exception to the general rule, and are, therefore, of opinion that the Court erred in overruling the objection of Hampton, to the competency of Todd as a witness.

Wherefore, the judgment is reversed and the cause remanded for a new trial.

*Robertson* for plaintiff; *Robinson & Johnson* for defendants.