Totten, J.,
delivered the opinion of the court.
The action is assumpsit on a bill of exchange drawn by Richard Oliver and Talbot Jones & Co., of Baltimore, for $900, payable at four months from date of 11th December, 1843, to J. L. Scarbrough, and by him and others endorsed— the President and Directors of the Bank of Tennessee being the last endorsers and holder thereof. The plaintiffs recovered in the court below and thereon the defendant Richard Oliver moved for a new trial, and it being refused, he tendered a bill of exceptions which was made part of the record, and has prosecuted a writ of error to this court.
1st. The court charged the jury, that if the drawer of the bill had no funds or assets in the hands of the drawees and had made no arrangement for its acceptance or payment, he was not entitled to notice of its non-acceptance or nonpayment, and to this exception is taken.
*75 This charge is substantially correct. If the drawer have no funds in the hands of the drawee, or expectation of funds, or any arrangement or agreement with the drawee to accept the bill, it is not possible that he can suifer any injury for the want of notice, and he is not entitled to it. For the drawer knows that he is drawing upon mere accommodation, and without any reasonable expectation, that the bill will be honored.
But if effects were consigned to the drawee, to meet the bill, though not yet in his possession, the drawer would be entitled to notice, because he would have a reasonable expectation of funds in the hands of the drawee; such is the general rule on this subject. Story on Bills, sec. 311, and cases there cited.
2. J. L. Scarbrough, the payee and first endorser of the bill was admitted as a witness for the plaintiff, and to this exception was taken. In this we think there was no error.
In 1 Greenleaf’s Ev. sec. 400, the rule and the reason of the rule are thus stated: in an action by the endorsee of a bill against the drawer or acceptor, an endorser is, in general, a competent witness for either party; .for the. plaintiff, because, though his success may prevént him from calling on the endorser, it is not certain that it will, and whatever part of the bill or note he may be compelled .to .pay, he may. recover again of the drawer or acceptor; and he is competent for the defendant, because, if' .the plaintiff fails against the "drawer or acceptor, he is driven either to.sue the endorser or abandon his claim. See also.‘2nd. GreeiileaPs Ev. seé. 207. If however the verdict would necessarily affect ‘the interest of the witness, as if he would be liable in one'event to the costs of the action, then he will not be competent as a witness on the side of the party, in whose 'favor he is so interested. #
And the rule is to be understood • with the further modifica *76 tion, that if a negotiable security be endorsed before it falls due, and it is in the hands of an innocent endorsee, the endorser is not a competent witness to prove it originally void. Scott v. Loyd 12 Peters 149, Thayer v. Crossman 1 Metcalf R. 416, 1 Greenleaf’s Ev. sec. 385 and note 1, where the au thorities are collected.
In the present case it does not appear that the witness had any interest in the matter, except only that which the law infers from his position on the bill. In such case the general rule is, as we have seen, that he is competent.
3rd. In the last place, it is objected, that the deposition of Samuel Jones was improperly admitted as evidence. It is stated by one witness, that the commission to take the deposition, was returned with the deposition, without the name of the commissioner stated therein, and that it was afterwards filled with the name. This statement is made upon actual knowledge and without any doubt or uncertainty. Another witness states circumstances from which he infers that it was filled with the commissioner’s name before the deposition was taken. The witnesses being equally credible, the court should have been governed by the one who assumed to know the fact, and not by the other, who inferred an opposite fact from circumstances, that did not necessarily imply it. It must be taken that the name of the commissioner was not inserted in the commission, either before or at the time the deposition was taken. Its insertion afterwards was illegal and unauthorised, and must be taken as a nullity.
Regarding it as a blank commission, as to the name of the commissioner, as we must necessarily do, the rule of practice is stated in M’Candless v. Polk and Walker, 10 Hum. McKinney, Judge, delivering the opinion, says: “ a se-second objection to this deposition is, that the commission when issued was blank as to the name of the commissioner, and was filled up by him at the time of taking the deposition. *77 In tliis there is no error. This is altogether different in principle from the case of Trousdale v. Holloway, at the present term, where the commission was not only in blank, as to the name oí the commissioner, who issued it, but was so when returned into court with the deposition purporting to have been taken under its authority.”
Let the judgment be reversed and the cause remanded for a new trial.