WISE *et al. v.* PATTERSON *et al.*

A stranger to the suit cannot release and indemnify a party to the record so as to make him a competent witness for his co-partners.

APPEAL *from Henry District Court.*

*Opinion by* GREENE, J. This was an action of assumpsit commenced by Patterson, Timberman & Co., against Wise & King and Wise & Mathews, on a contract to furnish hogs. The plaintiffs recovered a verdict and judgment for $1769 79.

It appears that on the trial the plaintiffs introduced as witness M. P. Sharts, who disclosed on his *vore dire,* that at the time the contract was made and at the commencement of this suit he was a member of the firm of Patterson, Timberman & Co., but that before trial, he had sold his interest in the firm to C. F. Conn, who had executed a bond of indemnity to him. The defendants objected to the competency of the witness, but the court overruled the objection and admitted the testimony in behalf of the plaintiff. This is claimed to be erroneous.

Sharts was not only a party to the contract on which suit is brought, but is also a party to the record. He must, then, be regarded as "a person who has a direct, certain, legal interest in the suit." The fact that he had sold his interest in the firm and had received a bond of indemnity from Conn, a stranger to the record, does not remove his legal interest. He was still a party, liable at least for costs.

Besides, in the sale to Conn, was not Sharts' interest in this demand against the defendants so transferred as to leave an implied undertaking on the part of Sharts to make the claim good, and thus by charging the defendants the witness would exhonerate himself?

But it is clear that a third party could not so release a party to the suit as to render him a competent witness. He would still be not only liable for costs, but also a party to the record.

In *Scott* v. *Lloyd*, 12 Peters, 145, it was held that the rule by which the party to the record may be released so as to render him a competent witness holds out a strong temptation to perjury, and is not sustained by principle or authority. In the supreme court of the United States it has been uniformly assumed that a witness is rendered incompetent by being a party to the record. *De Wolf* v. *Johnson*, 10 Wheaton, 367, 384; *Stein* v. *Bowman*, 13 Peters, 209. *Bridges* v. *Armorn*, 5 Howard, 91.

Judgment reversed.

*J. C. Hall*, for appellants.

*Reeves & Miller*, for appellees.