### J. B. BAILEY v. SAMUEL DOAK AND ALEXANDER SMITH.

The defendants were sued as the partners of a third person to render them liable for the drafts of the latter, as advances to a firm of which they are alleged to be members—*Held* : that one was not a competent witness for the other to prove that he was not a member of the firm.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *McCay & Edwards*, for plaintiff. *Hunton & Miller*, for defendants and appellants.

MERRICK, C. J. The present suit is brought against the defendants as the partners of one *Williamson Smith*, for advances made by the plaintiff to him (*Williamson Smith*) on the drafts of the latter, for the alleged benefit of the firm.

On the trial of the case *Doak* offered the deposition of his co-defendant *Alexander Smith* to prove that he, *Doak*, was not a partner. The testimony was excluded and *Doak* has reserved his bill of exceptions.

His counsel contends in this court that the testimony was admissible, because the witness was offered to testify against his interest : for if *Doak* was not a partner, then *Alexander Smith* would be bound to the plaintiff for the whole debt instead of having a claim against his co-defendant.

It is true that parties bound *ex contractu in solido*, do not stand in the same relation to each other that trespassers do, and it may be, in the present case, the witness has testified against his interest, yet we think his testimony was properly rejected. If *Smith* could testify for *Doak*, why could not *Doak* testify for *Smith*, and thus defeat plaintiff's demand altogether ? If the partnership assets exceed the debt, and *Smith*, after he shall have made payment, holds this claim over against them, it is not so clear that the witness will testify against his interest should he swear to the fact for the proof of which he is offered. We think it the safer rule to exclude the testimony of one of several defendants against whom a *prima facie* case has been made out by proof and who is offered to contradict the evidence of plaintiff's witnesses against his co-defendant. 1 Greenleaf, sec. 354 ; *Scott* v. *Lloyd*, 12 Peters, 149 ; *Baudoin* v. *Nicholas*, 12 Rob. 594 ; 16 L. R, 300 ; C. C. 2260 ; 12 M. 289 ; 2 N. S. 455.

If the testimony of *Alexander Smith* be rejected, the evidence of plaintiff's witnesses is uncontradicted. Three witnesses swear that *Doak* was a partner and his letter of September 28, 1852, corroborates the testimony of the witnesses.

Judgment affirmed.