# WATERS v. PEARSON.*

## WATERS & MOORE v. PEARSON.

MARRIED WOMEN; SURETYSHIP; LEASE; LANDLORD AND TENANT; DIVISION OF RENT..

1. A married woman may show, in defense of an action to recover rent reserved in a lease under seal, that, although contracting as principal, she really did so as surety, in violation of statute.
2. The provision of D. C. Code, sec. 1151 [31 Stat. at L. 1373, chap. 854], that every contract made by a married woman "which she has power to make" shall be deemed to be made with reference to her separate estate, does not validate a contract of suretyship which she has entered into in violation of sec. 1155.
3. A subsequent written agreement signed by all the parties to a lease, and providing that the monthly instalments of rent should be divided into two equal parts payable to the lessor and a third person, is obligatory on the lessees, as against objections that the agreement is without consideration and permissive in terms.

Nos. 2387, 2388. Submitted April 22, 1912. Decided May 6, 1912.

HEARING on appeals from judgments of the Supreme Court of the District of Columbia rendered against appellants for failure to file a sufficient affidavit of defense.

*Reversed* in 2387; *affirmed* in 2388.

The COURT in the opinion stated the facts as follows:

These are separate appeals by defendants in the same action,

---

*Powers and Liabilities of Married Women.*—As to power of married woman, under statute giving her sole control of her separate estate, to become surety for one other than her husband, see note in 17 L.R.A.(N.S.) 676.

For obligation of married woman as principal, which, to knowledge of payee, is used to discharge debt of third person, as a contract of suretyship, see note in 18 L.R.A.(N.S.) 81.

from a judgment entered under common law rule 73 of the supreme court of the District.

The action was begun in the municipal court and removed thence to the supreme court of the District by certiorari, in accordance with the provisions of the statute. Isaac Pearson brought the action against the defendants, Maria Waters, John O. Waters, and Albert L. Moore, jointly. The declaration alleges that Pearson, on February 23, 1909, leased certain premises to the defendants for a term of five years, reserving a yearly rental of $2,000, payable in monthly instalments of $166.67. That by subsequent written agreement signed by all the parties, it was provided that the monthly instalments of rent should be divided in two equal parts, payable, respectively, to Pearson and to Mary A. McKahan. That said instalments of rent were paid to said parties up to June 1, 1911. Pearson claims his half of five instalments due and unpaid at the time of bringing suit, amounting to $416.67.

Plaintiff's affidavit, in compliance with Rule 73, recited the lease that was made to defendants for the purpose of an automobile business, containing stipulation for monthly rent as alleged, and others that need not be mentioned. This was executed by all parties, with seal affixed. It recited also the written agreement for division of the rent payments between Pearson and McKahan.

Maria Waters filed a plea alleging that she executed the lease as surety for her codefendants, as plaintiff well knew, and that she was then and is now the wife of John O. Waters, and therefore not bound thereby. Her supporting affidavit, alleging her coverture, stated that she never applied to plaintiff for the lease, and had no interest in the same or the business that was to be carried on by her codefendants; that she never entered into possession, or paid any part of the rent, and received no benefit from said lease. That application was made for the lease by her codefendants, and plaintiff well knew that they were to carry on the business; that he refused to let the premises to them, unless defendant, whom he knew to be the owner of real estate, would become surety for her codefendants

by joining in said lease. That she signed the same without consideration, and as surety for her codefendants. Defendants John O. Waters and Albert L. Moore filed a plea, supported by affidavit, alleging that the actual amount due plaintiff was $833.35, and therefore in excess of the jurisdiction of the municipal court; that the supplemental agreement for payment of one half to McKahan was without consideration, and was by its terms permissive of payment to McKahan, and was not obligatory upon defendants. The court, holding the affidavits of defense insufficient, entered judgment against all of the defendants for the full amount claimed in the declaration. Maria Waters appealed separately, and her codefendants appealed jointly.

*Mr. Irving Williamson,* for the appellants:

1. The real relation of the appellant, Mrs. Waters, to this lease, and the reason she is a party thereto, it is submitted, are to be regarded as correctly set forth in her affidavit, and the statements therein contained are to be taken as true. *Strauss* v. *Hensey,* 7 App. D. C. 289, 36 L.R.A. 92.

2. The position taken by the appellee is that, while he could not utilize the pecuniary responsibility of the appellant under an instrument in which the fact of her suretyship is disclosed, he can accomplish the same result by requiring her to become an ostensible principal in the instrument, and, so concealing her real relation, avoid the effect and operation of the statute.

Such methods as these, with respect to prohibited contracts, have been often resorted to in the past, and are doubtless practised now, so that the language of the Supreme Court of the United States, with reference to devices for avoiding the statute against usury, is most applicable here:

"Yet it is apparent that if giving this form to the contract will afford a cover which conceals it from judicial investigation, the statute would become a dead letter. Courts therefore perceived the necessity of disregarding the form, and examining into the real nature of the transaction. If that be in fact

a loan, no shift or device will protect it." *Scott* v. *Lloyd,* 9 Pet. 418, 446, 9 L. ed. 178, 188.

There are a number of authorities applying the principle above enunciated. *Vogel* v. *Leichner,* 102 Ind. 55, 1 N. E. 554; *National Bank* v. *Carlton,* 96 Ga. 469, 23 S. E. 388; *Field* v. *Campbell,* 164 Ind. 393, 108 Am. St. Rep. 301, 72 N. E. 260; *Patrick* v. *Smith,* 165 Pa. 526, 30 Atl. 1044; *Wiltbank* v. *Tobler,* 181 Pa. 103, 37 Atl. 188; *Vliet* v. *Eastburn,* 64 N. J. L. 627, 46 Atl. 735, 1061.

3. The section of the Code here relied upon has not been passed upon in this court, but it was considered by Justice Stafford, of the supreme court of the District of Columbia, in an opinion delivered in the case of *Darneille* v. *Tuck,* 33 Wash. L. Rep. 821.

Justice Stafford held that the proviso to sec. 1155 [31 Stat. at L. 1374, chap. 854] applied to that section alone, and was limited in its operation to the power of the wife to contract liabilities enforceable by action and execution at law.

This decision applies directly here, because in the present case it is sought to make the wife liable in an action at law, which attempt is met with the defense, by the wife, that, under the proviso to sec. 1155, she is in no wise responsible, in view of the facts set up in her plea and affidavit.

4. In the court below much reliance was placed by the appellee upon the case of *Green* v. *Lake,* 2 Mackay, 162, which is founded upon the old case of *Sprigg* v. *Bank of Mt. Pleasant,* 10 Pet. 266, 9 L. ed. 419.

In both of these cases the principle is stated that where parties sign an instrument under seal, parol evidence will not be received to show that one of them signed as surety only.

It is to be noted that both of these decisions were long before the passage of the statute here in question, and what is said in the opinions therein has no bearing upon the contention here made.

In many cases, as well as in the text-books, numerous exceptions to the admission of parol testimony are suggested. *Fire Ins. Asso.* v. *Wickham,* 141 U. S. 564, 577, 35 L. ed. 860,

866, 12 Sup. Ct. Rep. 84; *Burgess* v. *Seligman,* 107 U. S. 20, 29, 30, 32, 27 L. ed. 359, 363–365, 2 Sup. Ct. Rep. 10; *Union Mut. L. Ins. Co.* v. *Wilkinson,* 13 Wall. 222, 20 L. ed. 617; *Cavazos* v. *Trevino,* 6 Wall. 773, 18 L. ed. 813.

5. In the argument below the appellee also relied on sec. 1170 of the Code, which in substance provides that it shall be competent for a married woman, as grantee or lessee, to bind herself and her assigns by any covenant running with or relating to real estate or chattels real, the same as if she was a *feme sole.*

Sec. 1170, it is submitted, has no application to the question here in issue.

*Mr. J. H. Ralston, Mr. F. L. Siddons,* and *Mr. W. E. Richardson,* for the appellee:

1. In the case at bar Maria Waters seeks to repudiate the contract as it appears to be and as she signed and sealed it, by resorting to the proviso of sec. 1155 of the Code [31 Stat. at L. 1374, chap. 854], which enacts that no married woman shall have power to make any contract as surety or guarantor, or as accommodation drawer, acceptor, maker, or indorser. Congress, perhaps realizing that, in denying power to a married woman to enter into contracts forbidden by the proviso of sec. 1155 of the Code referred to, a door was opened to possible chicanery, determined that this limitation of power should not be used as an instrument of fraud, and so further enacted by sec. 1156 of the Code, that "every contract made by a married woman which she has the power to make shall be deemed to be made with reference to her estate, which is made her separate estate by this chapter, and also her equitable separate estate, if any she has, as a source of credit to the extent of her power over the same, unless the contrary intent is expressed in the contract."

In the case of *Dobbins* v. *Thomas,* 26 App. D. C. 157, this court had occasion to consider the meaning and scope of the last-quoted section of the Code. The case was an action at law,

in which the plaintiff sought to recover from the defendant, a married woman, a sum of money becoming due to him in connection with the trading or exchanging of certain properties belonging respectively to the plaintiff and the defendant, and the court, after calling attention to sec. 1155, conferring upon married women the power to engage in business and to make contracts, and after quoting sec. 1156, say: "The contract alleged was one clearly within the power of the defendant, though a married woman, to make. It must be deemed to have been made with reference to her separate estate, there being no contrary intent expressed."

This case was again before the court in 30 App. D. C. 511.

The appellee's contention is that sec. 1156 limits the scope and operation of the proviso of sec. 1155 to this extent at least, that if a married woman enters into a contract that is not "made with reference to her estate, which is made her separate estate by this chapter," the contrary intent must be expressed in the contract, if she would be permitted in a given case to contradict its plain terms, and show, in denial or contradiction of those terms, that she was in fact a mere surety or guarantor for other parties to the same contract.

In the case of *Darneille* v. *Tuck,* 33 Wash. L. Rep. 821, the contention was strongly urged that the proviso of sec. 1155, which we are considering, had taken from a married woman her pre-existing power to pledge her separate estate for her husband's debts, because the doing of this was an act of suretyship forbidden by the proviso. In an instructive opinion, Mr. Justice Stafford denied this contention, holding that the proviso had not impaired the power of a married woman in this particular, but was limited in its operation to the section in which it occurs.

We respectfully submit that, while effect must be given to the legislative intent as expressed in the proviso of sec. 1155, the courts should carefully confine it to its proper limitations.

2. That a married woman may, in the District of Columbia, bind herself as lessee, is further emphasized by secs. 1169 and 1170 of the Code, the first of which providing for the pro-

cedure to eject a married woman who is a tenant of real estate in the District, and has defaulted in the payment of rent therefor, or has made other default, in which event the landlord may bring such action for recovery of the demised premises as he might do if the lessee were a *feme sole;* and sec. 1170, enacting, among other things, that in deeds of chattels real made to married women, it shall be competent for the lessee to bind herself and her assigns by any covenant running with or relating to the chattels real, the same as if she were a *feme sole.*

3. It should not be lost sight of that the lease in suit is a sealed instrument, a specialty. While it may be that in some cases, and to some extent, parol evidence is received to show the surrounding circumstances of the parties at the time such a contract was executed, and that there may be even an inquiry into the consideration of such an instrument, the courts have always applied the parol evidence rule strictly to instruments of such a character.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. Sec. 1155 of the Code [31 Stat. at L. 1374, chap. 854] confers general power upon married women to engage in business, to contract, to sue separately, etc., as fully and freely as if unmarried, but concludes with this proviso: "That no married woman shall have power to make any contract as surety or guarantor, or as accommodation drawer, acceptor, maker, or indorser." By this proviso married women were prohibited from binding themselves as surety for others. But the limitation would be of little or no benefit if it could be evaded by the mere form of the contract entered into. If the mere form of the contract, making the married woman appear as a principal, instead of a surety, would serve to prevent judicial investigation of the real nature of her obligation, the provision of the statute would become a dead letter. The statute declares a rule of public policy and its object is to be executed by courts of law as well as equity. Anyone may defend an action on a

contract by proof that it is in violation of a statute. *E. Bement & Sons* v. *National Harrow Co.* 186 U. S. 70–88, 46 L. ed. 1058–1068, 22 Sup. Ct. Rep. 747. The testimony by which defendant expects to establish her defense does not undertake to vary or contradict the terms of the lease contract signed by her, but to show the circumstances under which that signature was obtained, in order to avail herself of the protection of the statute. It is well settled that a contract under seal may be shown in an action at law to be a cover devised to conceal a transaction in violation of the statute against usury. *Scott* v. *Lloyd,* 9 Pet. 418–446, 9 L. ed. 178–188, s. c. 12 Pet. 145, 9 L. ed. 1033. The proviso of sec. 1156, like the statute against usury, is intended to prevent oppression, and no form or device will be permitted to prevent its enforcement. It is contended on behalf of the appellee that the contract is governed by sec. 1151, and that the proviso of 1156 does not apply. That section reads as follows:

"Every contract made by a married woman which she has the power to make shall be deemed to be made with reference to her estate, which is made her separate estate by this chapter, and also her equitable separate estate, if any she has, as a source of credit to the extent of her power over the same, unless the contrary intent is expressed in the contract."

Aside from the fact that this section applies to a different, though related subject-matter, the argument ignores its express limitation to contracts "which she has the power to make." Expressly governing contracts, only, which the married woman has the power to make, we must necessarily look to sec. 1155 to determine the existence of the power.

The affidavit of Maria Waters was sufficient to entitle her to a trial on the issue presented by her plea, and it was error to enter the summary judgment against her.

2. There was no error in entering the judgment against John O. Waters and Albert L. Moore. They agreed to the assignment of one half of the monthly instalments of the stipulated rent to Mary A. McKahan, and bound themselves to pay one half to her and one half to the plaintiff. Upon each de-

fault a right of action accrued to the plaintiff for his portion, and the total amount due him when the action was begun was within the jurisdiction of the municipal court, in which it was originally filed.

It follows that the judgment as to them in No. 2388 must be affirmed, with costs. The judgment as to Maria Waters, in No. 2387, must be reversed, with costs, and the cause remanded for trial in conformity with this opinion.

