## Seaboard Finance Company v. Schaefer et ux.

*George G. Mead,* for plaintiff.
*Gerald Dolphin,* for defendants.

EAGEN, J., June 29, 1949.—We have before us a petition to open the judgment in the above case entered by virtue of the authority given in a note.

The facts are not in dispute and are briefly as follows. On July 28, 1947, plaintiff, a licensee under the "Small Loans Act" of Pennsylvania extended a loan to defendants in the sum of $300 payable in monthly installments, the final maturity date being 15 months after the date of the loan. The interest specified was 2½ percent per month on all sums less than $100 and 2 percent on all sums in excess of $100. The loan was evidenced by a judgment note and secured by a chattel mortgage on a Packard automobile. On May 20, 1948, an execution issued and the sheriff levied upon the automobile. The writ of execution was stayed after defendants made a payment upon the indebtedness and paid the costs incident to the execution process. On

June 7, 1948, defendants executed a new judgment note in favor of plaintiff in the amount of $270 payable in monthly installments, the final payment being due 18 months later. This note was accompanied by a chattel mortgage on defendants' household goods. Interest charges were similar to those specified in the first note. The judgment concerned was entered by virtue of this note. The proceeds of this second note were used to pay off the balance due on the first note, which as of June 7, 1948, was $270. The first loan was marked paid and receipt in full given; however, the judgment entered upon the note was not marked satisfied of record.

It is the contention of defendants that these loan transactions are and were in violation of the "Small Loans Act" and, therefore, unenforcible.

The pertinent section of the Act of May 28, 1937, P. L. 989, sec. 1, 7 PS §755 is as follows:

"No licensee shall induce or permit any person, nor any husband and wife jointly or severally, to become obligated directly or contingently, or both, under more than one contract of loan at the same time, for the purpose or with the result of obtaining a higher rate of interest than would otherwise be permitted by this section. No fees, fines, or other charges, either in addition to or as a part of the above specified interest, shall be charged or collected under any pretext whatsoever. A contract for a loan under the provisions of this act shall not be made for a period in excess of eighteen (18) months. Interest on any unpaid balances after eighteen (18) months shall be payable at the rate of six (6%) per centum per annum. . . . Whenever a judgment is entered after the enactment of this act, following the expiration of contracts made prior to the enactment of this act, interest shall be computed at the rate of six (6%) per centum per annum."

Section 2 of the above act further provides:

"No loan of the amount or value of three hundred ($300) dollars or less for which interest, discount fees, charges or consideration greater than six per centum (6%) per annum has been charged, contracted for, or received, except as authorized by this act, wherever made, shall be enforced in this Commonwealth, and the borrower shall not be required to pay any principal, interest or charges whatsoever."

Defendants argue that the second loan with final maturity designated at a time more than 18 months after the date of the original loan is a mere subterfuge and was in fact a continuation of the original loan at a high rate of interest beyond the 18 months' limit permitted by the statute.

We conclude, however, that the second loan was a new and separate transaction, the second contract was a novation, constituting an accord and satisfaction of the prior existing indebtedness. May we point out that the amount of the indebtedness evidenced by the two notes differed as did the terms of payment and the security given. The judgment entered upon the first note was not held or continued as security in connection with the second loan.

While no case of similar facts has been called to our attention, it has long been the law that the intention of the parties governs in determining whether or not a new loan or a renewal note constitutes an accord and satisfaction of a prior obligation: Wolf v. Fink, 1 Pa. 435, and Seltzer v. Coleman, 32 Pa. 493.

May we also point out that section 1 (d) of the act involved (supra) authorizes the Secretary of Banking of the Commonwealth to make general rules and regulations concerning the conduct of the small loan business. These regulations, inter alia, provide (section 26, Jan. 1, 1946) :

"Licensee shall, when notes have been entered of record, satisfy the judgment of record or furnish a

satisfactory release upon final payment of the account unless at the time of final payment of the account the licensee obtains written authority to retain the judgment of record as security for a subsequent loan from the borrower and every other individual against whom the judgment has been recorded. When a collateral judgment note which has been recorded is accepted and held only as collateral to a renewal loan, the date of the renewal loan shall be the determining factor in the application of the eighteen (18) month restriction on contracts as provided by the act."

Therefore, June 29, 1949, the rule to show cause why the judgment should not be opened is discharged.