# Parks *against* Dunkle.

No definite rule can be expressed to control the necessity of having the personal attendance of a witness, or what degree of inability to attend will enable the party to read his deposition. This must, in some measure, depend upon the sound discretion of the court, and the circumstances of each particular case. But the exercise of such discretion may be the subject of review on a writ of error.

In an issue involving the validity of a release of dower, in which the want of sufficient consideration is alleged to be an evidence of its invalidity, the value of the estate is legal and material evidence.

It is not competent to give parol evidence of the contents of a written paper without first giving positive proof of its destruction, or of a diligent search by which its loss has been ascertained.

ERROR to the Common Pleas of *Berks* county.

Hannah Parks against George Dunkle. This was a feigned issue directed by the Orphans' Court of Berks county, to ascertain whether the plaintiff was entitled to an inquest on the real estate of her late husband, Jacob Rothermel, deceased.

Jacob Rothermel died about the 1st of February 1801, intestate, leaving a widow, the above-named Hannah, and issue one child, named Mary, now the wife of the above-named George Dunkle, seised of a certain plantation and tract of land, situate in Richmond township, Berks county, containing about 200½ acres, more or less. Mrs Rothermel, on the 11th of September 1811, married Benjamin Parks, who died on the 6th of September 1839, leaving Mrs Parks his widow. George Dunkle married Mary Rothermel on the 8th of November 1816, and took possession of the farm in the following spring, and has ever since continued in possession.

On the 15th of December 1841, Mrs Parks' petition for an inquest to value and appraise the aforesaid real estate, was presented to the Orphans' Court, whereupon George Dunkle appeared by counsel and opposed the granting of an inquest, and exhibited and proved to the court, a release dated the 6th of April 1841, from Hannah Parks, of her dower, or thirds, in the said real estate, and also relied upon length of time as a bar to the application. The petitioner alleged that the force and effect of the release, or instrument of writing, was not sufficient in point of law to bar her right of dower; and if in point of law it was a bar, it was obtained by fraud, misrepresentations, and circumvention on the part of Dunkle, and therefore void and of no effect. Whereupon the Orphans' Court directed this issue.

The facts with regard to the plaintiff's title were admitted. The defendant then offered the deposition of John Wauner, Esq., to prove the execution of the release which was the subject of the issue. The witness lived within 16 miles of the court. Other witnesses were examined, who testified that he was in general bad health, and unable to come to court; that he was unable at any time, unless in very good weather: they could not say how he was on the day of the trial, but judging from his appearance a few days before, the witness thought it would endanger his life to bring him and keep him at court. Objections were made to the deposition, but they were overruled by the court, and the plaintiff excepted.

The defendant then gave in evidence a release by the plaintiff of her right of dower in consideration of $250 paid in hand, and $200 to be paid annually during her life.

The plaintiff having given some evidence tending to prove the value of the property, with a view of showing that the consideration of the release was insufficient in amount, and thereby impeaching its validity. The defendant offered evidence to prove

the value of the improvements put upon the property by him. The plaintiff objected to this, but the court overruled the objection and sealed a bill of exception.

All the other evidence given in the cause was of the circumstances which occurred at the execution of the release, the state of the plaintiff's mind and capacity for business, and various matters affecting its validity; all of which the court (Banks, President) submitted to the jury as matter of fact. Verdict for defendant.

*Hoffman* and *Filbert*, for plaintiff in error.
*Smith*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The material points to be considered by us in this case arise upon bills of exception to evidence.

The first and fourth exceptions are to the admission of the deposition of John Wauner, instead of requiring his attendance in person. In a doubtful case, like that before us, where the ground laid is the sickness of the witness, and where it is testified that in the opinion of a person who had the means of knowing his situation, he could not come to court without endangering his life, it would be, in our opinion, more safe and prudent to leave it to the sound discretion of the court below to say whether the deposition might not be received. No fixed rule can be laid down by which a court can regulate itself on these occasions. Their determination must often depend on the particular circumstances of the case. It is certainly exceedingly desirable that the personal attendance of witnesses should be had in court, especially in cases involving character and credibility; but, on the other hand, a rigid enforcement of it in cases of disease or debility, might be followed by very unpleasant consequences to a suffering person, as well as to the feelings of others. While, therefore, we think there may be cases in which this court would reverse on this ground, yet we do not think the present is one in which we can clearly see that the court below ought to have rejected the deposition.

Second and third. There seems no reason for objecting to the evidence of the releases of 1830 and 1840. The last seems to have been the ground of the issue directed by the court: and the release of 1830 has a connection with it.

The fifth exception is to the reception of evidence to prove the value of the improvements put upon the property by the defendant. Had there been no previous offer of evidence on this subject by the plaintiff, this evidence would, at the time it was given, have been irrelevant. The issue trying was whether Hannah Parks was entitled to have an inquest on the real estate of Jacob Rothermel, her first husband. This issue was directed in consequence of the petition of Hannah Parks to the Orphans' Court to that

[Parks v. Dunkle.]

effect.   Whether the land had been improved by Parks since the decease of Jacob Rothermel or not, was entirely immaterial to this issue, as the case stood.   But it will be observed that the plaintiff had introduced this subject previously by asking Wauner in his cross-examination, whether the land was not worth $100 an acre, and upwards?   And also, whether Dunkle cut any timber from the premises in question.   It would seem that the view of the plaintiff was to infer imposition and inadequacy of consideration in the amount of the sums paid, or agreed to be paid by Dunkle to Mrs Parks, when he obtained the release, by showing the value of the land and the profits Dunkle had previously got from it.   To rebut this, the defendant had a right to show that the value resulted from improvements made by himself after he had gone into possession.   When the question of fraud and imposition was fairly opened, the evidence became pertinent and material.   We think there was no error in this.

The sixth exception is to the court's permitting Messersmith to prove the contents of a letter which he wrote to Dunkle, without any proof by the defendant of its loss, or accounting for its non-production.   Regularly the party before going into parol evidence of the contents of an instrument, ought to prove its loss or destruction; and if positive proof of the destruction cannot be had, it must be shown that a *bonâ fide* and diligent search has been made for it in vain where it was most likely to be found.   2 *Stark Ev.* 343.   The order of giving this evidence may not always be rigidly enforced by the court, though it seems most advisable in general to pursue it, and to require the foundation for secondary evidence to be first laid before it is received.   But it is indispensable that the legal proof required to warrant secondary evidence should be satisfactorily made out either before or after.   Here all that the defendant produced afterwards was the oath of Dunkle that he received the letter spoken of by Messersmith, and it was lost.   This, we think, was not sufficient.   The party relying on secondary evidence must go further, and show what became of the original, and that due dilgence was used to find it, or at all events ought to furnish reason for believing that the document is irretrievably lost, and not merely mislaid, and still within the power of the party to recover by an exertion of proper diligence. A thing is often, in common parlance, lost, and yet found on a search.   More especially is this incumbent on the party when he has himself had the document in his custody, and is called on to show that it cannot be produced.   We think there was error in receiving this evidence.

The alleged errors in the charge are not sustained.

Judgment reversed, and *venire facias de novo* awarded.