## PARKE *v.* BIRD et al.

One of several defendants, not served with process and released by his co-defendant, is an incompetent witness for his co-defendant.

Before the contents of a written agreement for a lease can be proved in a suit against a stranger, there must be proof of loss and search among the papers of all the parties.

IN error from Common Pleas of Northumberland county.

*July* 21. Assumpsit against Parke and others, for work done on lands, of which defendants were tenants in common, in which Parke alone was summoned, and appealed from the judgment of the justice. On the trial before ANTHONY, President J., after the plaintiff had proved the cause of action, defendant called G. Heckert, one of

the defendants, who was not served with process, and was released by defendant Parke. The rejection of his testimony constitutes the first bill of exception. He then offered two receipts by two of the plaintiffs separately; one of them, appearing to be for items contained in the plaintiff's claim, was received; the other was rejected, and constitutes the second exception. For what debt, or when contracted, is not stated in the paper book; but the allegation of counsel, and the assumption by the court here was, that it was for antecedent matters. The third exception was to the rejection of a mill book of two of the defendants below, in which one of them was charged with slabs. One of the items of plaintiff's claim was for hauling slabs; and the evidence appears to have been intended to show that the parties obtained them from one of their own number. Defendant then offered to prove the loss of an agreement relating to a lease of the lands on which the work was done by plaintiffs, between Heckert and Brannigan and Cowan; the affidavits of Parke and Rousch were read; and one Tegely swore he did not know what had become of it. The deposition is not stated in the paper book, but it is assumed in the opinion of the court here, that no search was made among the papers of the parties to it. The court below rejected the parol evidence of contents, and the proof from 6 Watts & Serg. 140, where the agreement is printed at length.

The grounds of the exception to the charge of the court below are stated in the opinion of the court by his honour, Rogers, J.

*Greenough*, for plaintiff in error, contended that there was no evidence of partnership, and as the witness was not served with process, and released by the present defendant, he was a witness. He also contended there was no evidence of a contract, by defendants jointly.

*Hegins*, contrà.—Wolf v. Fink, 1 Barr, 435, rules the question of Heckert's evidence. Smith v. Lillyman, 3 Whart. 598. As to the receipt, if there had been dates to it, it would have shown entirely different matters. There was no evidence of a search among Heckert's papers for the agreement.

Rogers, J.—The deposition of Heckert was properly overruled, on the ground of public policy. The point is virtually decided in Wolf v. Fink, 1 Barr, 439. It is true that there the process was served, here it was not; but the principle on which Wolf and Fink was ruled, is that a person, who is a party to the suit at the impetration of the writ, cannot be a witness. The court say, that a party

cannot be allowed to be a witness, by avoiding service of the writ. In every essential particular the cases are the same.

This is a joint suit, therefore the receipt of one for work done before the partnership, as would seem to have been the case here, is not evidence, without showing that some other of the joint account is embraced in the separate receipt. In this, as Judge Anthony supposed, the defendant failed; and as we see no reason to differ from him, we think there is no error in the second bill.

The testimony in the third bill is irrelevant; for admitting that Heckert is charged with slabs in the mill book of Sharp and Heckert, it does not follow but that Heckert may have purchased slabs elsewhere; or, what is more to the purpose, it does not tend to prove that the plaintiff did not furnish slabs to Lane & Co., to be used in erecting permanent improvements on the property.

The evidence in the fourth bill was perhaps excluded, because the defendant failed to give evidence of the loss of the agreement. It seems, it was annexed to the record in the case of Burns & Eisly *v.* Heckert, but was afterwards detached. The presumption is, that it is in the possession of either Heckert, or Brannigan and Cleaver, the parties to it. Search should have been made among their papers before a party is at liberty to prove the contents of the agreement, as a lost paper.

The defendant objects to the charge, because there is no evidence that slabs were furnished, or work done in the permanent improvement of the property, for which alone he was liable. It would seem from the testimony, that the agent of the company had authority to contract for buildings, or for work to be done in permanent improvements; and whether this was the case, was left, as is right, to the jury. Although the evidence is slight, we cannot say there is no evidence to this effect. Permanent improvements of some sort were made in 1839, after the lease to Heckert; and it would seem that all the improvements of this nature were to be paid for by the owners, and that they come within the general scope of the agent's authority.

The judgment is affirmed.