Caruthers, J.,
delivered the opinion of the court.
The plaintiffs have the paramount paper title to the land in dispute, but the defendants successfully relied, in the «court below to aid their inferior title, upon the statute of limitations. Actual possession of about J3 acres of the 634 acres claimed, for more than seven years, was proved. To this extent the correctness of the verdict is perhaps not controverted. But the verdict and judgment were in favor of the defendants for the whole tract, and in this it is said to be erroneous, and should be reversed.
At last term we decided in this case, that the title *685 of the plaintiff covered the disputed land, and granted a new trial. But the effect of the statute of limitations, in the aspect it is . now presented, was not then adjudicated, not having been fairly presented by the record. It was in the last trial perhaps the only or main question.
In order to extend its operations beyond the part in actual occupation, to the whole tract, the defendants proposed to prove the existence of a deed, its loss, and contents, made by Searcy D. Sharp to their ancestor, on the 16th day of August, 1836, in conformity with lines then distinctly marked, and to which claim has ever since been made.
Witness, Watson, proves that he made the survey, and drew up the deed at the request of Sharp and Merriwether. That the deed was signed by Sharp, witnessed by himself, and that the last he saw of it, it was lying on the table where it was written, at Mer-riwether’s house. He further stated, that “Sharp and Merriwether came with him to Troy to have said deed acknowledged.” The plat made by Watson at the time was also introduced and read. Objections being made to the evidence of Watson, in relation to the contents of the deed, the defendants introduced the affidavit of J. E. Rivers, to show the loss of the deed, and thereby lay the ground for the admission of secondary evidence. It is in these words: “ John F. Rivers, the agent of defendants, makes oath, that he has lived in the family of Richard T. Merriwether, deceased, the greater part of the time since his death, and has carefully examined the papers of the said Richard T. since his death, and he has been unable to find the deed spoken of by wit *686 ness, Watson, as having been written by him and executed by Searcy D. Sharp to Richard T. Merriwether, in 1836, and witnessed, describing the land conveyed according to said Watson’s certificate of survey of the same, dated 16th of August, 1836, and that affiant knows nothing of said deed except as he learns the same from witness, Watson.”
Upon this the court overruled the objection and allowed the evidence of the contents of the deed to go to the jury. To this the exception was taken. We think it very clear, that sufficient ground was not laid for admission of this secondary evidence, and that no case has gone so far. We have recently had several cases before us on this doctrine; one of which may be found in 1 Sneed, 228, Pharis vs. Lambert. In that case it was proposed to prove the contents of a peace warrant in an action for a malicious prosecution, upon the affidavits of loss by the party, and the clerk of the court, that it could not be found by diligent search in his office, and that the last he saw of it was in the hands-of attorney Spurlock. It was held, that this was not sufficient to let in proof of the contents of the paper, but that it was indispensible to produce the affidavit of Spurlock. That case is sustained by § 658' 1 Greenleaf’s Ev., and other authorities. In the same section a rule more directly applicable to the case now before us, is thus stated: “If it” (the paper) “might or ought to have been deposited in a public office or other particular place, that place must be searched.” For two reasons then it should have been shown that the office of the clerk of the county court and the *687 register had been searched for this deed, before secondary evidence of its contents conld be received:
1. Because it might have been deposited there, that being the place for the acknowledgment and probate of deeds. And 2d, because it is shown by Watson, that the parties went. to Troy for that purpose. The general rule on the subject is, that before parol evidence of the contents of a writing can be admitted upon the ground of its loss, the party must show that he has, with reasonable diligence, resorted to and exhausted all the sources of information and means of discovery which were accessible to him, and the nature of the case would naturally suggest. Same authority sustained by 1 Starkie on Ev., 336, 340. 6 Term R., 236. 3 Watts & Serg., 291. 8 Scott, 85.
Here, would it not be naturally suggested from the nature of the case, as well as the facts stated by Watson, that the parties went to town to acknowledge the deed, that the original or a registered copy might be procured at the county seat. That probable source of information then should have been exhausted according to the rule just stated.
But in addition to this, it would be naturally suggested, that the proper source of information, as to the papers of the deceased would be his personal representative, to whom their custody would legally belong in the first instance, or to the heirs or devisees in the case of muniments of title. Ho account is given of any effort to find the paper in that quarter. Mr. Rivers was not the personal representative or heir, and did not resort to these sources of information. If the case here made out, would authorise a departure from, *688 or constitute an exception to that leading rule in the law of evidence, which requires all facts to he established by the best proof which the nature of the case will afford, it would certainly be of little avail in the ascertainment of truth, and the exclusion of falsehood and imposition.
The fact proposed to be established by the defendants was, that they and their ancestor did not only take and hold possession of 73 acres of the land in dispute, as is proved by the enclosures, but of the whole 634 acres constructively. This can only be done by deed, which clearly covers the whole, and thus extends and enlarges the possession in contemplation of law, carrying with it the operation of the statute of limitations, to the marks upon the ground -in conformity to the calls of the deed. The deed itself is the only competent proof of this fact, and no other can be allowed in such a case, unless its previous existence and actual loss are clearly made out according to the rule above laid down. The danger of injustice, if not proved, in allowing the frail memory of even honest men to be substituted in legal investigations for writings, to ascertain the facts they contain, would suggest the necessity of guarding, as the courts have done, if not more carefully, with stringent rules, any exception to the fundamental rule we have stated.
For this error in the admission of evidence, we are constrained again to reverse and remand this case.