## Anders, Appellant, v. Central Railroad Company of New Jersey.

*Evidence—Secondary evidence—Contents of paper—Deed.*

In order to introduce secondary evidence of the contents of a paper, there must be first, proof as to the existence of such a paper, and second, its loss.

In an action of ejectment, a nonsuit is properly entered where the plaintiff's title depends upon an alleged deed, the existence of which he does not offer to prove, but merely assumes and offers to show that he had searched the recorder's office, and amongst family papers, and had not been able to find it.

Argued Dec. 4, 1901. Appeal, No. 201, Oct. T., 1901, by plaintiff, from order of C. P. Northampton Co., April T., 1900, No. 1, refusing to take off nonsuit in case of D. H. Anders v. Central Railroad Company of New Jersey and the Lehigh Coal & Navigation Company. Before RICE, P. J., BEAVER, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Ejectment for a lot of ground in the borough of South Bethlehem. Before SCHUYLER, P. J.

At the trial it appeared that plaintiff's title depended upon an alleged deed to Gottlieb Wittman. The plaintiff assumed the existence of a deed from John Weiller to Wittman, but without offering to prove the existence of the deed, made various offers tending to show that he had searched for the deed, but had not been able to find it. These offers were all overruled. [1-5]

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Errors assigned* were (1-5) rulings on evidence, quoting the bill of exceptions. (6) Refusal to take off nonsuit.

Harry C. Cope, for appellant.

E. J. Fox, with him J. W. Fox, for appellee.

OPINION BY BEAVER, J., March 14, 1902:

Plaintiff claimed in ejectment from defendant a triangular

piece of ground, containing sixty-two square feet.   The founda-
tion of his claim was a sheriff's deed which purported to con-
vey the interest of Wittman in "all that certain two-story
brick dwelling house, known as the Mondray House Hotel,
and lot of ground situate between the Lehigh River opposite
the borough of Bethlehem in the borough of South Bethlehem,
formerly Lower Saucon Township, in the county of Northamp-
ton and commonwealth of Pennsylvania, containing 329 feet
in front and in width at one end sixty-nine feet and at the
other end 20 feet, as also all the right, title and interest in the
lease of the Bethlehem Bridge Co. for the ground on which the
piazza is built." It is difficult, from this description, to in-
clude within it the property in dispute.   It, therefore, becomes
of the first importance to ascertain what Wittman's interest
was, both as to the estate held by him and the description
under which he claimed.   There is no allegation of title on
his part, as in a conveyance made to him, and the plaintiff
failed to show any conveyance to him, alleging in his brief of
title : " The plaintiff is unable at present to give the name of
the grantor to Gottlieb Wittman, inasmuch as the deed to said
Wittman was not recorded, nor can plaintiff trace its where-
abouts, though careful search has been made by plaintiff for
the same.   The plaintiff alleges and expects to be able to prove
by parol evidence, if not otherwise, that the same premises sold
by the sheriff as the property of said Gottlieb Wittman, as
hereinbefore mentioned, is the same premises which Daniel
Desh and wife, by indenture dated January 20, 1855, granted
and confirmed unto John Wieller, which said premises was a
part of the tract which Philip H. Goepp and wife, by indenture
dated September 6, 1848, granted and confirmed unto Daniel
Desh.   The plaintiff has learned that the immediate grantor of
Gottlieb Wittman was John Wieller." Title is shown in
Wieller in a piece of land specifically described in a deed from
Desh and wife to him, but the description in no way corre-
sponds, except as to a single line, with that contained in the
sheriff's deed under which the plaintiff claims.

On the trial, the plaintiff failed to establish the existence of
any deed from Wieller to Wittman and did not even offer to
prove that such a deed had ever existed.   His offer upon the
subject assumed the existence of the deed and proposed to show

search in the recorder's office, inquiries from members of the Desh family and from old inhabitants as to the existence of such a man as John Wieller and " that in general I had tried in every way conceivable by myself to locate the missing deed but was unable to get on the track of it or could not get any information on the point." In addition to this, some of the plaintiff's witnesses, on cross-examination, proved clearly that the defendant had been in possession of at least a portion of the triangular piece of land claimed for over twenty-one years. It is not singular, therefore, that the trial judge in the court below, upon motion, granted a nonsuit which he refused to take off, basing the refusal principally upon the fact of the lack of the " essential link in the plaintiff's chain of title— the deed from John Wieller; " adding : " The allegation is that this deed has been lost, but unfortunately for the plaintiff there is not a spark of evidence that such a deed ever had any existence."

It is very clear from all authorities that, in order to introduce secondary evidence of the contents of a paper, there must be, first, proof as to the existence of such a paper and, second, its loss : Meyer v. Barker, 6 Binney, 228 ; Parks v. Dunkle, 3 W. & S. 291 ; Porter v. Wilson et al., 13 Pa. 641 ; Jack v. Woods, 29 Pa. 375. The essential elements, therefore, of title in Wittman and a specific description as to what that title, if any, included were entirely wanting in the case.

Nothing offered by the plaintiff could supply the place of these essential requisites and it is, therefore, unnecessary to refer to the several assignments of error relating to offers of evidence which were ruled out. All of these offers, viewed from the standpoint of the plaintiff's final offer to establish title in Wittman, were incompetent and irrelevant. The specifications of error must all be overruled.

Judgment affirmed.