## Barr v. Glass.

*Suit on lost note—Evidence—Interested witness against decedent—Proof of signature—Services.*

1. Before the contents of an instrument alleged to have been lost can be proved, there must be proof of diligent and unsuccessful search for the original paper.

2. In a suit on a promissory note alleged to be lost, given by one decedent to another, the plaintiff executrix, who is also a legatee of the decedent, is barred as an interested party from testifying to anything which happened in the lifetime of the defendant's decedent, but she may testify that she made diligent search for the note sued upon and could not find it.

3. In a suit upon a lost note against a decedent's estate, the testimony of witnesses that they saw such a note signed with the name of the decedent, is admissible, though they could not testify as to the genuineness of the signature.

4. Such witnesses, though they never saw the decedent write, could, nevertheless, testify as to whether or not the signature on the note was similar to a genuine signature of the decedent.

5. Such suit being on a promissory note, evidence is inadmissible as to services performed by the payee for the maker.

Exceptions to interrogatories. C. P. Lancaster Co., Sept. T., 1920, No. 20.

*Joseph T. Evans* and *John E. Malone*, for exceptions.

*Hugh R. Fulton* and *Spencer & Spencer*, contra.

LANDIS, P. J., April 8, 1922.—On Sept. 14, 1921, and on Nov. 29, 1921, commissions issued out of this court at the instance of the plaintiff to take the testimony of certain witnesses residing in the City of Indianapolis. On Jan. 13, 1922, and on Jan. 17, 1922, these commissions were duly returned. In the meantime, a number of exceptions were filed to the interrogatories, some of which go to the competency of the witnesses to testify, and some to the form of the interrogatories and the materiality of the proof.

The suit was brought on a note of $708, dated June 6, 1913, a copy of which is attached to the statement, and on a note of $1500, dated June 10, 1914, which is said to have been lost. There is an admission that $300 was paid on account of the indebtedness on Dec. 11, 1914. William H. Barr, the

plaintiff's decedent, died on July 5, 1915, and Anna M. Harris, the defendant's decedent, died on Aug. 11, 1919. Emily E. Barr is not only the executrix of the will of William H. Barr, deceased, but she is also a legatee under his will. In going over the depositions, I have marked in lead-pencil the parts which I think should be excluded. The parts of the testimony not so marked are either not objected to or are deemed competent testimony.

I do not think that Mrs. Barr is competent to testify to anything which transpired in the lifetime of Anna M. Harris. She is an interested party, and, by reason of Mrs. Harris's death, all testimony objected to which relates to facts happening in the lifetime of Mrs. Harris must be excluded. She may, however, testify that, since Mrs. Harris's death, she has made diligent search for the $1500 note and cannot find it. The rule is that, before the contents of an instrument alleged to have been lost can be proved, there must be proof of diligent and unsuccessful search for the original paper: Parks v. Dunkle, 3 W. & S. 291. In Anders v. Central R. R. of New Jersey, 19 Pa. Superior Ct. 564, it is said: "It is very clear, from all authorities, that, in order to introduce secondary evidence of the contents of a paper, there must be, first, proof as to the existence of such a paper, and, second, its loss." It has also been decided that the search for an agreement should be made among the papers of the parties to it: Parke v. Bird, 3 Pa. 360; and that where a paper is traced to a particular office or into the hands of a particular person, search should be made in that office: Adams v. Easton, 6 W. 456. In Porter v. Wilson, 13 Pa. 641, it was decided that a search twelve months before the trial was insufficient. Whether or not the proof upon this point measures up to the required standard need not now be discussed.

The evidence of Everett L. Denpress, Edwin H. Emerick and Leroy J. Keach, that they saw a note for $1500, signed with the name of Anna M. Harris, about July 8, 1918, and that it was dated June 10, 1914, is, I think, admissible; but these witnesses cannot testify as to the genuineness of the signature of Mrs. Harris. The Act of June 6, 1913, § 1, P. L. 451, provides that the opinions of the following persons shall be deemed to be relevant: "(a) The opinion of any person acquainted with the handwriting of the supposed writer; (b) the opinion of those who have had special experience with, or who have pursued special studies relating to, documents, handwriting and alterations thereof." It is not pretended that any of these witnesses ever saw Mrs. Harris write. In addition, the experience which they had in handwriting was not special experience, but merely such as is acquired by an officer of a bank in casually seeing signatures on notes, checks, &c. I, however, conceive that if a signature of Mrs. Harris, which is proven to be genuine, was brought before them, they could testify whether or not the signature on the lost note was similar to the genuine signature. It seems to me that that evidence would have to go to the jury for them to pass upon the question of the genuineness of the lost note.

The testimony of Mrs. Mittie Rosenberg and Dr. Emil G. Winter is not material to this issue. This suit was brought to recover the amount of certain promissory notes alleged to have been given by Mrs. Harris to William H. Barr. It is not a suit for services rendered to her by William H. Barr. The whole case turns upon whether or not the notes are proper claims against Mrs. Harris's estate, and their testimony, which relates to services performed, throws no light upon the issue as now made up.

The exceptions are, therefore, sustained to the extent that we have here indicated. Exceptions sustained.

From George Ross Eshleman, Lancaster, Pa.